IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-02189-CMA-MJW

JENNIE L. KRAEMER,

    Plaintiff,

v.

FOX HILLS OWNERS ASSOCIATION,
FH RESORT LIMITED PARTNERSHIP, a/k/a Fox Hills Resorts,
JOHN F. MAYER,
NASH, SPINDLER, GRIMSTAD & MCCRACKEN LLP, and
VIAL FOTHERINGHAM LLP.

    Defendants.

---

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (DOC. # 35) AND PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND HEARING (DOC. # 36)**

---

On December 7, 2015, Plaintiff Jennie Kraemer, proceeding pro se, filed two motions: an emergency motion for a temporary restraining order (Doc. # 35) and a motion for a preliminary injunction and hearing (Doc. # 36).  Both motions seek substantially the same injunctive relief.  In her motion for a temporary restraining order, Plaintiff states that she seeks an order directing the Clerk of the Court for the Denver County District Court "to cease the collection of money as a result of the writ of continuing garnishment issued on September 22, 2015, directing Rose Medical [C]enter to garnish the pay of the Plaintiff."  (Doc. # 35 at 3.)  In her motion for a preliminary injunction, Plaintiff states that she seeks "an injunction ordering the defendants to cease

in all collection efforts related to an order signed by Judge Robert Lowenbach on June 16, 2015, until a determination by this Court of the [d]ue process violations, [j]urisdictional validity, and material correctness of said order." (Doc. # 36 at 1.) Plaintiff's motion for a preliminary injunction also requests that the Court enter an order directing the Clerk of the Denver County District Court "to cease any action or enforcement" of the writ of continuing garnishment and "return any funds in a timely manner." (Doc. # 36 at 1.) For the reasons set forth below, both motions are DENIED.

In support of her motion for a temporary restraining order, Plaintiff states that on September 21, 2015, Defendant Vial Fotheringham filed in the Denver County District Court a proposed writ of continuing garnishment seeking to garnish her wages. (Doc. # 35 at 1.) Plaintiff also states that on the following day, September 22, 2015, the Denver County District Court issued the writ directing Rose Medical Center to garnish Plaintiff's wages. (Doc. # 35 at 1.) Plaintiff alleges that "[n]o actual notice by the Denver [County] District Court was ever provided to the Plaintiff for order utilized to obtain writ of continuing garnishment." (Doc. # 35 at 2.) Plaintiff asserts that such alleged lack of notice violated her rights "under the due process clauses of the US Constitution." (Doc. # 35 at 2.)

Plaintiff's motions lack merit for several reasons, including, but not limited to, the following. First, the due process provisions of the United States Constitution do not apply to Defendants because they are private individuals and entities. Second, the Clerk of the Court for the Denver County District Court is not a party in this lawsuit in either her official or individual capacity, nor has she been served with a copy of

Plaintiff's motion. Third, Plaintiff cannot show irreparable injury because she only alleges monetary damages.

Therefore, it is ORDERED that Plaintiff's Emergency Motion for a Temporary Restraining Order (Doc. # 35) is DENIED WITH PREJUDICE and Plaintiff's Motion for a Preliminary Injunction and Hearing (Doc. # 36) is DENIED WITH PREJUDICE.

DATED: December 9, 2015                    BY THE COURT:

*Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge