IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02189--MJW

JENNIE L. KRAEMER,

Plaintiff,

v.

FOX HILLS OWNERS ASSOCIATION,
FH RESORT LIMITED PARTNERSHIP, f/k/a Fox Hills Resorts,
JOHN F. MAYER,
NASH, SPINDLER, GRIMSTAD & MCCRACKEN LLP, and
VIAL FOTHERINGHAM LLP,

Defendants.

---

**ORDERS & OPINION**

**REGARDING**

**[1] THE FOX HILLS DEFENDANTS' MOTION TO DISMISS (DOCKET NO. 18);**

**[2] DEFENDANT VIAL FOTHERINGHAM'S MOTION TO DISMISS (DOCKET NO. 30);**

**[3] PLAINTIFF'S MOTION FOR A STAY (DOCKET NO. 53);**

**[4] DEFENDANT VIAL FOTHERINGHAM'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DOCKET NO. 54);**

**AND**

**[5] DEFENDANT VIAL FOTHERINGHAM LLP'S MOTION TO SUPPLEMENT (DOCKET NOS. 56 & 57)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

  Defendants in this case secured, or have helped collect upon, a default judgment against Plaintiff in Wisconsin small claims court. Plaintiff disputes the underlying contract on which that default judgment is based, and further disputes the validity of the

default judgment itself. She has challenged it in the Wisconsin small claims court in which it originated; she has challenged it in the Colorado state court in which it was domesticated for enforcement against her Colorado assets; and she has challenged it in a collateral lawsuit filed in Colorado state court. The actual default judgment has been satisfied by garnishments by Plaintiff's employer, Rose Medical Center—but Plaintiff is now subject to continuing garnishments to collect on a $46,000 award of fees and costs entered against her in state court. Here, Plaintiff primarily asserts that Defendants' efforts to collect (past and present) violate the Fair Debt Collection Practices Act.

Five motions are currently pending in this case: The Fox Hills Defendants' Motion to Dismiss (Docket No. 18); Defendant Vial Fotheringham's Motion to Dismiss (Docket No. 30); Plaintiff's Motion for a Stay (Docket No. 53); and Defendant Vial Fotheringham's Motion for a Temporary Restraining Order and Preliminary Injunction (Docket No. 54), along with supplemental briefing thereon that the Court construes as a Motion to Supplement (Docket No. 56).

The motion for a preliminary injunction (Docket No. 54) is summarily DENIED because Defendant Vial cannot establish any likelihood of success on the merits, for the simple fact that it hasn't asserted any counterclaims on which to succeed. The motion to supplement (Docket Nos. 56 & 57) are therefore DENIED AS MOOT. The motion to stay (Docket No. 53) is DENIED AS MOOT in light of the remainder of this Order.

The motions to dismiss (Docket Nos. 18 & 30) are GRANTED for the reasons set forth below. The Court has reviewed the parties' filings (Docket Nos. 18, 32, 33, 42; 30, 34, 47), taken judicial notice of the Court's entire file, and considered the applicable

Federal Rules of Civil Procedure, statutes, and case law.  Now being fully informed, the Court makes the following order and opinion.

## FACTS AS ALLEGED IN THE COMPLAINT

Plaintiff's Amended Complaint alleges generally that Defendants have engaged in a variety of collection actions over an invalid or unlawful debt.  The underlying debt, Plaintiff alleges, "was created with no statutorily valid contract ever existing and included debts the defendants previously manufactured without any statutorily valid contract or deed or ownership existing."  (*Id.* ¶ 8; *see also* ¶¶ 29-40 (alleging various deficiencies in the purported debt, citing Wisconsin statutes and case law).)

Plaintiff further alleges that Defendants sued her in small claims court in Wisconsin in 2010, Manitowoc County Court case 10SC1109—and "obtained service by publication and a default judgment."  (*Id.* ¶ 8.)  The debts asserted in that action may have been more than six years old, past the applicable statute of limitations.  (*Id.*)  Defendants allegedly filed the small-claims action despite Plaintiff's "numerous letters . . . requesting they cease their actions or provide a statutorily valid contract."  (*Id.*)  Plaintiff claims, thus, that Defendants' actions amount to "acts of fraud, perjury, bad faith, meritless actions, a false verification to a court, and spoliation."  (*Id.*)  Further, she alleges that Defendants have a pattern of abusive collections practices—most particularly, procuring default judgments and then waiting over a year before beginning garnishments, hoping the defaults won't be challenged.  (*Id.*)

Plaintiff further alleges that she was unaware of the default judgment against her until Defendants attempted to garnish her wages.  (*Id.*)  Then, Plaintiff "provided a

debtor's answer to the garnishment on December 4, 2012" denying liability on the underlying debts. (*Id.*) Defendants "have never filed with the Wisconsin court an objection or demand for hearing on the Debtor's answer." (*Id.*) Plaintiff further alleges that Defendants relied on the judgment, knowing it was invalid, to begin garnishments. (*Id.* ¶ 8.)

Plaintiff also alleges bad faith in the garnishment process. She alleges that, under Wisconsin law, an employer must accept as true the positions that a judgment-debtor takes in the debtor's answer, unless a court orders otherwise. (*Id.* ¶ 12.) Plaintiff denied all liability on the judgment; thus, she alleges it was fraudulent for Defendants to present her employer with any claim for garnishment. (*Id.*) Defendants nonetheless did so, and Rose Medical Center began garnishing her wages in January 2013. (Id. ¶ 16.) In March 2013, Plaintiff filed a claim to challenge to the garnishment with the Colorado Division of Labor, triggering both an internal review by the employer and a review by the Division. (*Id.* ¶ 22.) "Both determined [the garnishment] was illegal [] and immediately stopped the garnishment action" (*id.*), because Defendants had failed to domesticate the judgment (*see id.* ¶¶ 26-28), In May 2013, Defendants filed a motion in the Wisconsin small claims court to hold Rose Medical Center liable for the unsatisfied garnishments. (*Id.* ¶¶ 23, 26.) The Wisconsin court ultimately denied the motion. (*Id.* ¶¶ 26, 26 (the Amended Complaint contains two paragraphs numbered 26).)

Plaintiff further alleges that she filed suit in Colorado state court challenging the garnishments, Case No. 2014CV30294, against a number of the same Defendants present in this case. (*Id.*) She alleges that the state court unlawfully granted the

5

defendants' motion for summary judgment. (*Id.*) It did not, however, act on the state-court defendants' post-trial motion for attorneys' fees and costs until over six months after judgment entered—at which point a different judge granted the motion. (*Id.*) Plaintiff alleges that this violates C.R.C.P. 59(j). Defendants have begun garnishments to collect the award of fees and costs, allegedly without bothering to contact or notify Plaintiff directly about the matter. (*Id.*)

*First Claim for Relief*

The heart of Plaintiff's first claim for relief appears to be this sentence:

> In a bill dated 11/11/2014 and postmarked by the US. Postal service Nov. 14, 2014 mailed by defendant Fox Hills Owners contained a fraudulent debt that had previously been collected for 2008-2010 fees which had been collect by small claims debt collection agent, defendant Mayer.

(Docket No. 5 ¶ 9.) Plaintiff claims that the November 14, 2014 bill constituted a false or misleading representation in violation of 15 U.S.C. § 1692e. She also claims that it violated Defendants' "common law duty of good faith and fair dealing" and, because it was mailed, it constituted mail fraud under 18 U.S.C. § 1341. (*Id.* ¶¶ 9-11.)

*Second Claim for Relief*

Plaintiff's second claim for relief points to at least five purported violations. First:

> In a deposition on October 31, 2014 . . . [Plaintiff's attorney asked:] "I am now looking at Wisconsin statute No. 812.38, subparagraph 1(a) of that statute, which states, 'The creditor may file with the Court a motion for a hearing and a written objection to the debtor's answer.' Are you familiar with that statute? Well, my question then is, did the creditor Fox Hills Owners Association file with the Wisconsin court a motion for a hearing and a written objection to the debtor's answer?" Defendant[] Mayer answered "We definitely objected to her answer. No question. And the Court had a hearing on that."

(*Id.* ¶ 12.)  Plaintiff alleges that this answer is false, and therefore constitutes both a violation of 15 U.S.C. § 1692e and perjury under 18 U.S.C. § 1621.  (*Id.*)

Second, Plaintiff alleges that Defendant Mayer sent a letter to her employer on January 30, 2013, stating that a Wisconsin judge had denied her motion to reopen the small-claims case and asking therefore for garnishments to begin.  (*Id.* ¶ 16.)  Plaintiff alleges that this letter misrepresented the judge's order as an order resolving the claimed exception in Plaintiff's debtor's answer and directing garnishment to begin.  (*Id.*)  Plaintiff claims, therefore, that the letter violated 15 U.S.C. § 1692e(9).  (*Id.* ¶ 16.)

Third, Plaintiff alleges that Defendants collected more through garnishments than they should have—collecting $4361.51 rather than $3433.31—thereby violating 15 U.S.C. § 1692t.  (*Id.* ¶ 20.)

Fourth, Plaintiff alleges that Defendants repeatedly defamed Plaintiff, including disclosing false credit information, to Plaintiff's employer and the employer's payroll company.  (*Id.* ¶ 21.)  Plaintiff claims that this conduct violates 15 U.S.C. § 1692e(7) & (8).  (*Id.*)

Fifth, Plaintiff alleges that Defendants' actions in attempting to impose liability on Rose Medical Center for failing to garnish Plaintiff's wages were unlawful.  Specifically, Plaintiff alleges that in March 2013, she filed a claim to challenge to the garnishment with the Colorado Division of Labor, triggering both an internal review by the employer and a review by the Division.  (*Id.* ¶ 22.)  "Both determined [the garnishment] was illegal [] and immediately stopped the garnishment action."  (*Id.*)  In May 2013, Defendants filed a motion in the Wisconsin small claims court to hold Rose Medical Center liable for

the unsatisfied garnishments. (*Id.* ¶¶ 23, 26.) The Wisconsin court ultimately denied the motion. (*Id.* ¶¶ 26, 26 (the Amended Complaint contains two paragraphs numbered 26).) Plaintiff alleges that this motion violates 15 U.S.C. § 1692f. (*Id.* ¶ 23.)

*Third Claim for Relief*

The heart of Plaintiff's third claim for relief appears to be these sentences:

> In an affidavit by defendant Mayer[] dated Sept. 8, 2014 [, Defendant Mayer] stated: Nash Spindler is not employed or engaged by a collection agency.

(Docket No. 5 ¶ 41.) Plaintiff alleges that this is not true, since the firm has engaged in over 800 debt-collection cases in multiple states. (*Id.* ¶ 43.) That same affidavit allegedly further attests:

> Nash Spindler has only obtained one other judgment (in Wisconsin) against a Colorado resident. Nash Spindler informed the Colorado [] resident of the judgment through a single letter back in January 2013. Other than this single notice, no other action was taken on that debt. No other actions have been taken in Colorado or against a Colorado resident.

(*Id.* ¶ 46.) Plaintiff alleges that this, too, is untrue, and that Defendant Mayer acknowledged as much in a later deposition. (*Id.* ¶¶ 47-48.) Plaintiff alleges that these statements constitute a "fraud on the court," though she does not allege when or where the affidavit was filed with any court. (*Id.* ¶¶ 49-50.) Plaintiff does not identify any cause of action for her third claim for relief.

*Fourth Claim for Relief*

Plaintiff's final claim for relief relates to the fees-and-costs award entered against her in state court. (*Id.* ¶ 56.) She alleges that the motion for attorneys' fees and costs was deemed denied after 60 days pursuant to C.R.C.P. 59(j), that the award is therefore

unlawful, that the new garnishments on her wages have been effected without proper service of process upon her, and that all of these violates 15 U.S. Code §§ 1692d, 1693, and 1692f.  (*Id.* ¶¶ 57-58.)

## JUDICIALLY NOTICEABLE PUBLIC RECORDS

Defendants' motions to dismiss rely heavily on records from the other court cases.  Generally speaking, only the allegations in the complaint are to be considered on a motion to dismiss. However, the Court may take judicial notice of the existence and contents of certain public records. *See, e.g.*, *ASARCO LLC v. Union Pac. R. Co.*, 755 F.3d 1183, 1188 n.5 (10th Cir. 2014); *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).  Further, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997)).

None of the records, however, are material; Plaintiff's own allegations, taken to be true, establish the facts necessary for resolution of these motions.

## DISCUSSION

### I.     Plaintiff's Non-FDCPA Claims Are Dismissed under Fed. R. Civ. P. 12(b)(1)

As an initial matter, Defendants correctly argue that Plaintiff's claims fail to the extent they are based on violations of mail fraud and perjury statutes in Title 18 of the U.S. Code.  These statutes do not create private causes of action.  *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).  Plaintiff's claims are therefore summarily

DISMISSED under Fed. R. Civ. P. 12(b)(1) to the extent they are predicated on criminal statutes.

## II.     Plaintiff's FDCPA Claims Are Dismissed under Fed. R. Civ. P. 12(b)(1) & (6)

Defendants argue that the FDCPA claims are barred by the statute of limitations, the *Rooker-Feldman* doctrine, res judicata, and collateral estoppel—in addition to failing to state a claim.

### A.     Statute of Limitations

The statute-of-limitations argument resolves the bulk of this case. The FDCPA contains a one-year statute of limitations. 15 U.S.C. § 1692k(d). Plaintiff's initial complaint was filed on October 2, 2015. (Docket No. 1.) Thus, absent grounds for tolling or for applying a continuing-violation theory—arguments Plaintiff has not raised—Plaintiff cannot maintain a claim for anything occurring before October 2, 2014. Her Amended Complaint challenges three incidents after that date: the October 31, 2014 deposition; the November 14, 2014 bill, and the June 2015 award of fees and costs by the state court. Everything else in the Amended Complaint predates October 2, 2014, and is therefore barred by the statute of limitations.[1]

### B.     *Rooker-Feldman* Doctrine

This Court lacks appellate jurisdiction 28 U.S.C. § 1257 to review the judgments of state courts. *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1230

---

[1] Defendants argue that everything is time-barred, because new communications that merely continue older collection efforts do not constitute newly accrued claims. Defendant's argument is contrary to the Tenth Circuit's precedent. *Solomon v. HSBC Mortgage Corp.*, 395 F. App'x 494, 498 & n.3 (10th Cir. 2010).

10

(10th Cir. 2013) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

The doctrine does not apply here. First, the *Rooker-Feldman* doctrine applies only where the injury at issue is caused by a state-court judgment. *Bolden v. City of Topeka*, 441 F.3d 1129, 1145 (10th Cir. 2006). Here, the three facts that fall within the statute of limitations are (1) a false statement during a deposition; (2) a November 2014 invoice; and (3) the state court's award of attorney's fees. The first two are not caused by judgments. Second, the *Rooker-Feldman* doctrine applies only to final judgments that have run the course of appeals. *See D.A. Osguthorpe Family P'ship*, 705 F.3d at 1232. Here, Plaintiff continues to press her appeal of the state-court order (*see* Docket No. 52)—thus, it is not final. The *Rooker-Feldman* doctrine therefore does not apply to any of these three matters.

  C. <u>Res Judicata & Collateral Estoppel</u>

Unlike *Rooker-Feldman*, the doctrines of issue and claim preclusion apply to final judgments that are still appealable. *Mactec, Inc. v. Gorelick*, 427 F.3d 821, 832 (10th Cir. 2005) (noting general rule that a final judgment from a lower court carries res judicata effect even though it is still subject to review by an appellate court)).

Here, the state-court award of fees and costs was adjudicated by the state court, obviously. Re-litigation in this court is thus collaterally estopped. *See People v. Zukowski*, 260 P.3d 339, 346 (Colo. App. 2010), *as modified on denial of reh'g* (Feb. 3, 2011) ("Four elements are required for issue preclusion: (1) the issue sought to be precluded must be identical to an issue actually and necessarily decided at a prior

11

proceeding; (2) there must have been a final judgment on the merits at the first proceeding; (3) there must be identity of parties or privity between the parties against whom the doctrine is asserted; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding."). The Amended Complaint is DISMISSED under Fed. R. Civ. P. 12(b)(6) to the extent is predicated on the state court's award of fees and costs.

However, as to the other two matters—false or misleading statements in the October 31, 2014 deposition and the November 14, 2014 bill—Defendants have not identified any venue in which these matters were (or could have been) litigated.

D.     Failure to State a Claim

Finally, Defendants argue that Plaintiff hasn't stated a claim. The Court agrees.

As to the November 14, 2014 bill, Plaintiff alleges that it was sent to her by Fox Hills Owners Association. Fox Hills Owners Association is not collecting a debt that was already in default when it acquired its interest in the matter (*see* Docket No. 5 ¶¶ 29-40), and Fox Hills Owners Association therefore is not a debt collector for purposes of the FDCPA, *see* 15 U.S.C. § 1692a(6)(F)(iii); *Alexander v. Omega Mgmt., Inc.*, 67 F. Supp. 2d 1052, 1055 (D. Minn. 1999); *see also Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 482 n.3 (7th Cir. 1997).

As to the October 31, 2014 deposition at which Defendant Mayer allegedly testified inaccurately, the testimony regarded Defendants' efforts to collect on a default judgment. Such acts are outside the purview of the FDCPA. *Nebraska Furniture Mart, Inc.*, 567 F. App'x 640, 643 (10th Cir. 2014) (upholding a 12(b)(6) dismissal of a FDCPA

12

claim where there was no evidence that "lawful actions to collect a judgment are within reach of the FDCPA.").

### E. Summary

All of Plaintiff's FDCPA claims (1) are barred by the statute of limitations; (2) are barred by collateral estoppel; or (3) fail to state a claim.

## ORDER

- Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Docket No. 18) is GRANTED;

- Defendant Vial Fotheringham LLP's Motion to Dismiss (Docket No. 30) is GRANTED;

- Plaintiff's Motion to Stay Proceeding Pending Appeal to Colorado Appellate Court (Docket No. 53) is DENIED AS MOOT;

- Defendant Vial Fotheringham LLP's Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. 54) is DENIED;

- Defendant Vial Fotheringham LLP's [Motion to Supplement] (Docket Nos. 56 & 57) are DENIED;

- This case is DISMISSED in its entirety, without prejudice to the extent the claims are dismissed under Fed. R. Civ. P. 12(b)(1) and with prejudice to the extent the claims are dismissed under Fed. R. Civ. P. 12(b)(6); and

- The Clerk of Court is directed to enter judgment of dismissal against Plaintiff and in favor of all defendants, with costs to be taxed against Plaintiff under Fed. R. Civ. P. 54(d).

Dated: April 7, 2016     */s/ Michael J. Watanabe*
Denver, Colorado     Michael J. Watanabe
                                       United States Magistrate Judge